Honorable Tiffany M. Cartwright

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| CHURCH OF THE GARDENS, a Washington Not-for-Profit Corporation operating as a faith-based religious organization; ALVIN WHITE, in his individual capacity,<br><br>                  Plaintiffs,<br><br>v.<br><br>QUALITY LOAN SERVICES CORPORATION OF WASHINGTON; MTC FINANCIAL INC. DBA TRUSTEE CORPS.; DEUTSCHE BANK NATIONAL TRUST COMPANY; LONG BEACH MORTGAGE LOAN TRUST 2006-4; LONG BEACH MORTGAGE LOAN TRUST 2006-5; and STATE OF WASHINGTON, a State of the United States.<br><br>                  Defendants. | Case No.: 3:23−cv−06193−TMC<br><br>**MOTION TO RESTORE COURT RECORD BY REPLACING PLEADING UNLAWFULLY STRICKEN BY "CHAMBERS"**<br><br>**Noting date: February 2, 2024** |

Motion to Restore Court Record

Page 1

Stafne Law *Advocacy & Consulting*
239 N. Olympic Ave
Arlington, WA 98223
360.403.8700

**Request for Relief:**

Plaintiffs Church of the Gardens (hereafter "Church" or "COTG") and Alvin White (hereafter "White" or "property Owner") move this Court to restore their pleading denominated as "Notice and Objection to Assignment of Magistrate Judge." The notice appears to have been stricken from this Court's record by Stefanie Prather pursuant to the authority of "Chambers."

**Issues:**

Does Stefanie Prather have the authority to strike pleadings from this Court's record?

Does "Chambers" have the authority to strike pleadings from this Court's record?

**Evidence Relied Upon:**

The Church and Property Owner rely upon this Court's docket, the emails between this Court and their counsel, and the declaration of Scott E. Stafne in support of this Motion.

**Statement of Facts:**

The complaint in this case was originally filed in the Superior Court of Pierce County to prevent the nonjudicial sale of five real properties owned by Property Owner by various Washington State statutory trustees pursuant to the

Motion to Restore Court Record

Page 2

Stafne Law *Advocacy & Consulting*
239 N. Olympic Ave
Arlington, WA 98223
360.403.8700

provisions of Chapter 61.24 RCW. Property Owner's complaint in this regard, *see* ECF # 1-2, was based on the first sentence of RCW 61.24.130, which states:

> (1) Nothing contained in this chapter shall prejudice the right of the borrower, grantor, any guarantor, or any person who has an interest in, lien, or claim of lien against the property or some part thereof, to restrain, on any proper legal or equitable ground, a trustee's sale. …

Property Owner was not able to obtain an order restraining the sale of two of his real estate properties because Deutsche Bank, which claimed to be the beneficiary within the meaning of RCW 61.24.005(b) of all of the pertinent deeds of trust, removed this case a day before White's motion for a restraining order was scheduled for argument. This Court assigned a magistrate "judge" to White's case. As this Court knows or should know, magistrate judges are not Article III judges; that is to say that magistrate judges are not judicial officers who hold the office of a federal judge during good behavior.

When Plaintiffs Church and White became aware of this fact, they filed a Notice and Objection to Assignment of Magistrate Judge, which is attached as **Exhibit 1** to the declaration of Scott Stafne in support of this Motion.

On that same day (January 4, 2024 at 2:09 PM) Stefanie Prather emailed counsel for Plaintiff Church and White an email, which stated in pertinent part:

> Regarding the below filing: when a case is initially assigned to a Magistrate Judge, please note that it is the Court's procedure

Motion to Restore Court Record

Page 3

Stafne Law *Advocacy & Consulting*
239 N. Olympic Ave
Arlington, WA 98223
360.403.8700

> (General Order 01-15) to wait for all parties to first make an appearance. Once all parties have appeared, a consent letter (example attached) is distributed to all parties allowing them the option to decline consent to appear before a Magistrate Judge. At that time, if any party should decline to consent, the case is then reassigned to a District Judge without noting on the docket which party does not wish to consent
>
> \*          \*          \*
>
> At the direction of chambers, this notice will be stricken for failure to follow the Court's procedures and a consent form will be posted once all parties have appeared.

A copy of this email is attached as **Exhibit 2** to Stafne's declaration in support of this Motion.

On that same day at 4:47 PM COTG and White, through their attorney, responded Ms. Prather:

> Ms. Prather,
>      With respect for the Court but pursuant to my obligation as counsel I respectfully object to "chambers" striking my objection from the Court record. My clients sought a restraining order with regard to the Washington State Statutory's Trustee sale of Property Owner's real properties pursuant to RCW 61.24.130. And in this regard, they timely filed this action in state court. By removing this case to a judicial officer without authority to rule on the issues raised in the state court complaint the Washington State Statutory Trustee and its client Deutsche Bank have purposely attempted to sabotage my clients rights under RCW 61.24.130 and the Constitutions of the United States and the State of Washington to restrain the sale on any proper legal or equitable grounds.
>      It is the position of the Church of the Gardens and Property Owner that a judicial official does not have the authority to exercise the kind of discretion "chambers" asserts to be exercising here.

Motion to Restore Court Record

Page 4

Stafne Law *Advocacy & Consulting*
239 N. Olympic Ave
Arlington, WA 98223
360.403.8700

A copy of this email is attached to Stafne's declaration as **Exhibit 3**.

On the next day, January 5, 2024, after statutory trustee Quality Loan Services sold two of White's properties under color of law Stafnereceived an email from uscourts@updates.uscourts.gov which stated that its previous order assigning cases to magistrate judges had been changed that very day, i.e. January 5, 2024, just after the Washington State statutory trustee sold two of White's properties under color of law.

On January 8, 2024 COTG and White filed the Amended Complaint for Declaratory Relief Regarding the meaning of RCW 61.24.130; Injunctive relief Pursuant to RCW 61.24.130; to Void Specific Sales of Real Property in Violation of RCW 61.24.130; and for Damages." *See* ECF # 8.

**Argument:**

Ours is an adversary system of justice. Stephen Landsman, *The Adversary System*: *A Description and Defense* (1984)

> In our adversary system, in both civil and criminal cases, in the first instance and on appeal, we follow the principle of party presentation. That is, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present. To the extent courts have approved departures from the party presentation principle in criminal cases, the justification has usually been to protect a *pro se* litigant's rights. See *Castro* v. *United States*, 540 U.S. 375, 381-383, 124 S. Ct. 786, 157 L. Ed. 2d 778 (2003). But as a general rule, "[o]ur adversary system is designed around the

Motion to Restore Court Record

Page 5

Stafne Law *Advocacy & Consulting*
239 N. Olympic Ave
Arlington, WA 98223
360.403.8700

> premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief." *Id.*, at 386, 124 S. Ct. 786, 157 L. Ed. 2d 778 (Scalia, J., concurring in part and concurring in judgment). As cogently explained:
>> "[Courts] do not, or should not, sally forth each day looking for wrongs to right. We wait for cases to come to us, and when they do we normally decide only questions presented by the parties. Counsel almost always know a great deal more about their cases than we do, and this must be particularly true of counsel for the United States, the richest, most powerful, and best represented litigant to appear before us." *United States* v. *Samuels*, 808 F.2d 1298, 1301 (CA8 1987) (R. Arnold, J., concurring in denial of reh'g en banc).

*Greenlaw v. United States*, 554 U.S. 237, 244 (2008). *See also United States v. Sineneng-Smith*, 140 S. Ct. 1575 (2020) ("[C]ourts are essentially passive instruments of government" citing *United States v Samuels,* 1298, 1301 (8th Cir. 1987) *Id.* at 1579); *Wood v. Milyard*, 566 U.S. 463, 132 S. Ct. 1826 (2012)

Here, under the circumstances of this case, the Church and Property Owner chose to file the instant Notice and Objection to the Assignment of a Magistrate Judge and they had every right to do so as they are parties to this proceeding, which has been removed to this federal Court.

Stefanie Prather, on the other hand, has not demonstrated that she is a judicial officer or clerk or court employee or contractor with authority to tell parties and their attorneys how they must present their case. Moreover, the

Motion to Restore Court Record

Page 6

Stafne Law *Advocacy & Consulting*
239 N. Olympic Ave
Arlington, WA 98223
360.403.8700

"chambers[1]" she purports to speak for does not appear to be a court nor a judge or other official who has taken an oath to uphold the Constitution. Accordingly, there is no basis in fact or law for this Court's or "chambers" striking of the Notice and Objection to the assignment of a magistrate judge filed by the Church and Property Owner. *See*, *In re Oliver*, 333 U.S. 257 (1948).

### Conclusion

The record of this Court should be restored to reflect the presentation of the parties.

DATED this 17th day of January, 2024, at Arlington, Washington.

By: ___s/ Scott E. Stafne___
Scott E. Stafne, WSBA No. 6964

Stafne Law *Advocacy & Consulting*
239 North Olympic Avenue
Arlington, WA 98223
360.403.8700
*Attorney for Plaintiffs*

---

[1] Of course, the most famous judicial "chambers" before this Court decided to compete was the Star Chamber. More information about that "chambers" was last accessed on January 17, 2024 at: https://en.wikipedia.org/wiki/Star_Chamber . *Cf.* *Timbs v. Indiana,* 139 S. Ct. 682, 693-695 (2019); *Faretta v. California*, 422 U.S. 806, 821-22 (1975); *In re Gault*, 387 U.S. 1 (1967).

Motion to Restore Court Record

Page 7

Stafne Law *Advocacy & Consulting*
239 N. Olympic Ave
Arlington, WA 98223
360.403.8700

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury under the laws of the State of Washington that a true and correct copy of the foregoing has been furnished electronically via the Court's CM/ECF system to all persons registered to receive electronic notice.

Dated this 17th day of January 2024.

By   <u>s/Justin Wood</u>
    Justin Wood, Paralegal

Motion to Restore Court Record

Page 8

Stafne Law *Advocacy & Consulting*
239 N. Olympic Ave
Arlington, WA 98223
360.403.8700

Honorable Tiffany M. Cartwright

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| CHURCH OF THE GARDENS, a Washington Not-for-Profit Corporation operating as a faith-based religious organization; ALVIN WHITE, in his individual capacity,<br><br>                  Plaintiffs,<br><br>v.<br><br>QUALITY LOAN SERVICES CORPORATION OF WASHINGTON; MTC FINANCIAL INC. DBA TRUSTEE CORPS.; DEUTSCHE BANK NATIONAL TRUST COMPANY; LONG BEACH MORTGAGE LOAN TRUST 2006-4; LONG BEACH MORTGAGE LOAN TRUST 2006-5; and STATE OF WASHINGTON, a State of the United States.<br><br>                  Defendants. | Case No.: 3:23−cv−06193−SKV<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO RESTORE COURT RECORD BY REPLACING PLEADING UNLAWFULLY STRICKEN BY "CHAMBERS"** |

PROPOSED ORDER Granting Motion to Restore Court Record

Page 1

Stafne Law *Advocacy & Consulting*
239 N. Olympic Ave
Arlington, WA 98223
360.403.8700

THIS MATTER having come before the Court on Plaintiffs' motion to restore the Court Record and the Court having reviewed the following:

1. Motion to restore court record by replacing pleading unlawfully stricken by "Chambers";

2. Declaration of Scott E. Stafne in support of Plaintiffs' motion to restore the court record by replacing pleading unlawfully stricken by "Chambers".

And the Court being fully advised, and finding no issue of material fact, it is hereby ordered:

1. The motion is granted.

2. _____

3. _____

DATED this _____ day of _____ , 2024.

_____
Tiffany M. Cartwright
District Court Judge

PRESENTED BY:

*s/ Scott E. Stafne*
Scott E. Stafne, WSBA #6964
239 N. Olympic Ave.
Arlington, WA 98223
360.403.8700

PROPOSED ORDER Granting Motion to Restore Court Record

Stafne Law *Advocacy & Consulting*
239 N. Olympic Ave
Arlington, WA 98223
360.403.8700