UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHURCH OF THE GARDENS et al., <br><br> Plaintiffs, <br><br> v. <br><br> QUALITY LOAN SERVICES CORPORATION et al., <br><br> Defendants. | Case No. 3:23-cv-06193-TMC <br><br> ORDER GRANTING MOTION TO DETERMINE VALIDITY OF NOTICE OF NONMONETARY STATUS |

## I.  INTRODUCTION

Before the Court is Defendant MTC Financial Inc.'s (doing business as "Trustee Corps") motion to determine validity of its notice of nonmonetary status (Dkt. 51). Because Trustee Corps has satisfied the statutory requirements for filing a declaration of nonmonetary status under RCW 61.24.180 and Plaintiffs Church of the Gardens and Alvin White failed to timely object, the Court GRANTS the motion.

## II.  BACKGROUND

Plaintiffs filed suit in Pierce County Superior Court on December 13, 2023, and Defendant Deutsche Bank removed the case to this Court on December 28, 2023. Dkt. 1; Dkt. 1-2. On January 8, 2024, Plaintiffs amended their complaint. Dkt. 8.

ORDER GRANTING MOTION TO DETERMINE VALIDITY OF NOTICE OF NONMONETARY STATUS - 1

The 109-page complaint alleges that Alvin B. White is a fee simple owner of five fourplex parcels in Pierce County, Washington, which Plaintiffs refer to as Lots 7, 10, 11, 12, 16. Dkt. 8 ¶ 1.1. White purchased these properties on February 29, 2006 using funds borrowed from Long Beach Mortgage Company, *id.* ¶ 3.7, and he executed promissory notes and deeds of trust to secure the loans. *See* Dkt. 8-1 at 3–116. Defendant Deutsche Bank National Trust ("Deutsche Bank") is the "purported beneficiary claiming to be in possession of [the] paper note[s]" that are secured by the deeds of trust to the properties. Dkt. 8 ¶ 2.11.

Defendant Quality Loan Services Corporation of Washington ("QLS") is acting as the successor trustee for Lots 16 and 11, and Defendant Trustee Corps is acting as the successor trustee for Lots 7, 10, and 12. *Id.* ¶¶ 1.3–1.4. Plaintiffs assert that Deutsche Bank directed QLS "to conduct the nonjudicial sale of . . . Lots [16] and 11 . . . by way of a credit bid." *Id.* ¶ 1.5. Plaintiffs allege that, on January 5, 2024, QLS sold Lots 16 and 11 at a nonjudicial foreclosure sale "under color of state law in violation of the organic law of this Nation and the State of Washington." *Id.* ¶ 1.3. While Trustee Corps has sent White a notice of default with respect to Lots 7 and 12, it has not conducted a nonjudicial sale of the properties. *Id.* ¶ 1.4.

The amended complaint contains numerous allegations and legal theories for why any past or potential future nonjudicial sale of White's properties is unlawful. *See generally* Dkt. 8. But the core allegation is that after White executed the five original promissory notes for the properties, they were "destroyed and/or lost." *Id.* ¶ 3.33. Long Beach Mortgage Company then "[cancelled] the debt owed by [White] . . . when it assigned its interests in the mortgage loan" to Deutsche Bank. *Id.* ¶ 3.35. Since Deutsche Bank does not hold the original promissory notes and there is no outstanding debt on the loan, Plaintiffs allege that Deutsche Bank is not authorized to conduct any nonjudicial sales of the properties. *Id.* ¶¶ 3.34–3.35.

Plaintiffs assert the following causes of action and requests for relief: (1) an action for a declaratory judgment that certain portions of Washington's Deeds of Trust Act, RCW Chapter 61.24 *et seq.*, violate the Washington State Constitution and the Fourteenth Amendment to the United States Constitution, *id.* ¶¶ 4.1–4.8; (2) a request for an injunction restraining the nonjudicial sale of White's remaining properties by Trustee Corps, *id.* ¶¶ 4.9–4.10; (3) an action for damages against QLS and Deutsche Bank arising from the previous sale of White's properties based on allegations of breach of contract, violations of the Deeds of Trust Act, and violations of Washington's Consumer Protection Act, *id.* ¶¶ 4.11–4.18; and (4) an action for damages against QLS and Deutsche Bank for due process violations under 42 U.S.C. § 1983, *id.* ¶¶ 4.19–4.22.

On January 19, 2024, Trustee Corps filed a declaration of nonmonetary status. Dkt. 17. Plaintiffs filed their objection and answer to the declaration of nonmonetary status on February 21, 2024. Dkt. 34. Trustee Corps then moved to determine the validity of the notice of nonmonetary status. Dkt. 51. In their response, Plaintiffs requested relief from the deadline. Dkt. 52. The Court granted in part Plaintiffs' request for an extension of time to respond and renoted Trustee Corps' motion for April 28, 2025. Dkt. 62. Plaintiffs responded, Dkt. 65, and Trustee Corps replied, Dkt. 66. The motion is ripe for the Court's consideration.

### III.    DISCUSSION

#### A.    Legal Standard

"In construing a statute in a case of first impression, we look to the traditional signposts for statutory interpretation: first, the language of the statute itself." *Tourgeman v. Nelson & Kennard*, 900 F.3d 1105, 1109 (9th Cir. 2018) (cleaned up). "It is well established that, when the statutory language is plain, [courts] must enforce it according to its terms." *Jimenez v. Quarterman*, 555 U.S. 113, 118 (2009) (citing cases).

Similarly, when interpreting Washington law, federal courts "first look to its plain language." *HomeStreet, Inc. v. State, Dep't of Revenue*, 166 Wn.2d 444, 451, 210 P.3d 297 (2009) (citation omitted). "Where statutory language is plain and unambiguous, a statute's meaning must be derived from the wording of the statute itself." *Id.* (citation omitted). And if "the plain language is subject to only one interpretation, our inquiry ends because plain language does not require construction." *Id.* (citation omitted); *see also State ex rel. M.M.G. v. Graham*, 159 Wn.2d 623, 632, 152 P.3d 1005 (2007), *as amended* (Feb. 21, 2007), *as amended* (May 10, 2007) ("If the text is clear and unambiguous on its face, [courts] do not resort to statutory construction principles, such as legislative history[.]"). "A statute is ambiguous only if it can be reasonably interpreted in more than one way and [courts] do not try to discern an ambiguity by imagining a variety of alternative interpretations." *State ex rel. M.M.G.*, 159 Wn.2d at 632–33 (cleaned up).

**B.  Trustee Corps has satisfied the statutory requirements of RCW 61.24.180.**

> *1.  The amended complaint does not assert any claims for damages or seek to enjoin foreclosure based on any alleged unlawful actions or omissions by Trustee Corps.*

The nonmonetary status statute, RCW 61.24.180, was enacted in 2018 and has not yet been interpreted by any state or federal court. But the statute through its plain language provides a procedure that allows a trustee to remove itself from litigation by filing a "declaration of nonmonetary status" if certain conditions are met. *See* RCW 61.24.180(1); *HomeStreet, Inc.*, 166 Wn.2d at 451. The statute provides:

> (1) If a trustee under a deed of trust is named as a defendant in an action or proceeding in which that deed of trust is the subject, and if there are no substantive allegations that seek damages from the trustee or seek to enjoin the foreclosure based on any alleged unlawful actions or omissions by the trustee, including causes of action where the trustee is a codefendant alleged to be jointly or derivatively liable with respect to the trustee's conduct as to the borrower or the trustee's statutory obligations, not less than thirty-five days after service of the summons and complaint on the trustee, the trustee may file a declaration of nonmonetary status.

ORDER GRANTING MOTION TO DETERMINE VALIDITY OF NOTICE OF NONMONETARY STATUS - 4

> The declaration must be served on the parties in the manner set forth in superior court civil rule (CR) 5.
>
> (2) The declaration of nonmonetary status must set forth:
>
> > (a) The status of the trustee as trustee under the deed of trust that is the subject of the action or proceeding;
> >
> > (b) That the complaint or pleading does not assert any substantive allegations that seek damages from the trustee or seek to enjoin the foreclosure based on any alleged unlawful actions or omissions by the trustee;
> >
> > (c) That it has been named as a defendant in the proceeding solely in its capacity as a trustee under the deed of trust and that the trustee agrees to be bound by whatever order or judgment is issued by the court regarding the subject deed of trust;
> >
> > (d) A statement printed in no less than twelve-point font and bolded that reads: "You have 30 days from service of this declaration to file and serve an objection with the court in compliance with RCW 61.24.180. If you do not timely object, the trustee will be deemed a nominal party to this action and you may not seek monetary relief against it. Your case may also be removed to federal court if the trustee was the only defendant domiciled in Washington."

RCW 61.24.180(1)–(2).

Trustee Corps contends that on "the undisputed facts of this matter, RCW 61.24.180 authorized Trustee Corps to serve and file a declaration of nonmonetary status, and Trustee Corps complied with the requirements for doing so effectively." Dkt. 51 at 5. Specifically, Trustee Corps argues that "the Amended Complaint neither contains 'substantive allegations that seek damages from [it],' nor does it seek to enjoin any foreclosure involving Trustee Corps 'based on any alleged unlawful actions or omissions by the trustee.'" *Id.* (quoting RCW 61.24.180(1)). While the amended complaint does seek to restrain Trustee Corps from conducting any future sale of Lots 7, 10, and 12, *see* Dkt. 8 ¶¶ 4.9–4.10, Trustee Corps argues that it does not allege that "any such sale has been scheduled" or that Trustee Corps committed any "unlawful actions or omissions" as a basis for Plaintiffs' request. Dkt. 51 at 5; Dkt. 66 at 3.

ORDER GRANTING MOTION TO DETERMINE VALIDITY OF NOTICE OF NONMONETARY STATUS - 5

Since all claims for damages are directed at QLS and Deutsche Bank, who conducted the nonjudicial sale of the properties at issue, Trustee Corps maintains it is "entitled to the nominal defendant status conferred by RCW 61.24.180." Dkt. 51 at 5; Dkt. 66 at 4.

Trustee Corps further asserts that it has complied with the procedural requirements for filing a declaration of nonmonetary status. Dkt. 51 at 5. First, it waited "not less than thirty-five days after service of the summons and complaint on the trustee" before filing the declaration. *Id.* (citing RCW 61.24.180(1)). Trustee Corps was served on December 15, 2023 and filed its declaration on January 19, 2024. *See* Dkt. 2-1 at 613–14; Dkt. 17. Second, its declaration of nonmonetary status contains all the information required under RCW 61.24.180(2)(a)–(d). *See* Dkt. 17 ¶¶ 2–7. Since it has satisfied "all the statutory requirements for filing a proper declaration," Trustee Corps argues it is entitled to nonmonetary status. Dk. 51 at 5–6; Dkt. 66 at 4.

Plaintiffs do not contest that Trustee Corps complied with the procedural requirements under RCW 61.24.180. *See* Dkt. 65. But they argue that Trustee Corps cannot classify itself as a nonmonetary party because it "cannot disclaim responsibility for its role in the foreclosure structure." *Id.* at 8 (cleaned up). For example, Plaintiffs assert that Trustee Corps: "1) Issued Notices of Default to White; 2) Participated in the underlying nonjudicial foreclosure structure; 3) Is tasked with enforcing an instrument whose validity is in doubt; and 4) now seeks to avoid participation in the very judicial process that is necessary to resolve that doubt." *Id.* Even if Trustee Corps has not yet conducted a sale of a property, Plaintiffs argue that "its participation in the foreclosure process—and its refusal to acknowledge the pending legal questions under RCW 61.24.130—disqualify it from claiming nominal status." *Id.*

These arguments are unpersuasive. A trustee may seek nonmonetary status under RCW 61.24.180 if there are no substantive allegations that (1) "seek damages from the trustee"

ORDER GRANTING MOTION TO DETERMINE VALIDITY OF NOTICE OF NONMONETARY STATUS - 6

or (2) "seek to enjoin the foreclosure based on any alleged unlawful actions or omissions by the trustee[.]" RCW 61.24.180(1). First, the amended complaint does not seek damages from Trustee Corps; it requests only injunctive relief to prevent the future sale of White's properties. *See* Dkt. 8 ¶ 4.10 ("the non judicial sale of Plaintiff's properties should be restrained until the matters posed by this complaint have been appropriately resolved."). Second, Plaintiffs do not allege any unlawful action or omission by Trustee Corps. Plaintiffs point to the fact that Trustee Corps issued notices of default to White, *see* Dkt. 65 at 8, but unlike QLS, it has taken no further action to foreclose on the properties, *see* Dkt. 8 ¶¶ 1.3–1.4. And as stated in its declaration for nonmonetary status and required by the statute, "Trustee Corps agrees to be bound by whatever order or judgment is issued by the court regarding the subject [deeds of trust] pertaining to Trustee Corps." Dkt. 17 ¶ 6; *see* RCW 61.24.180(2)(c).

Instead, all allegations against Trustee Corps arise from its participation in the "underlying nonjudicial foreclosure structure." Dkt. 65 at 8. Plaintiffs focus extensively on "disputes regarding ownership or authenticity of the promissory note[s]," but those claims are directed at Deutsche Bank, who possesses the notes at issue. *Id.* at 7. Trustee Corps is neither the lender nor holder of any of the notes. *See* Dkt. 8 ¶ 1.4; Dkt. 66 at 5. Asserting wrongdoing based solely on serving as a trustee in a foreclosure dispute, absent specific allegations of wrongful conduct, is insufficient.

Furthermore, if the Court accepted Plaintiffs' argument, it is highly unlikely that any trustee could seek nonmonetary status because of its nominal "role" in the underlying dispute. This interpretation of RCW 61.24.180 would render meaningless the statute's purpose—to excuse a trustee without substantive allegations asserted against it from participating in the legal proceeding. *See Arizona All. for Cmty. Health Centers v. Arizona Health Care Cost Containment Sys.*, 47 F.4th 992, 999 (9th Cir. 2022) (holding that "courts must interpret [a] statut[e] as a

ORDER GRANTING MOTION TO DETERMINE VALIDITY OF NOTICE OF NONMONETARY STATUS - 7

whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous and that [p]articular phrases must be construed in light of the overall purpose and structure of the whole statutory scheme.") (cleaned up); *see also R.J. Reynolds Tobacco Co. v. Cnty. of Los Angeles*, 29 F.4th 542, 556 (9th Cir. 2022) (rejecting a party's interpretation of a statute because it not only "contravene[s] the [] text, framework, and historical context" but also "nullifies key aspects" of the statute).

Since Plaintiffs have not asserted any substantive allegations against Trustee Corp, and Trustee Corp properly filed a declaration under RCW 61.24.180, it is entitled to nonmonetary status.

   2.   *Plaintiffs' due process and public policy arguments also fail.*

Still, Plaintiffs argue that applying RCW 61.24.180 would violate due process and undermine the public policy objectives of the Deed of Trust Act. Dkt. 65 at 9–10. Citing *Securities and Exchange Commission v. Jarkesy*, 603 U.S. 109, 127 (2024), Plaintiffs contend that "private rights—particularly those involving property—must be adjudicated by a neutral court when factual disputes are present." *Id.* at 9. But *Jarkesy* is inapposite. There, the issue was whether "the Seventh Amendment permits the SEC to compel respondents to defend themselves before the agency rather than before a jury in federal court." *Jarkesy*, 603 U.S. at 115. The Supreme Court held that the case must be adjudicated by an Article III court. *Id.* at 140. Here, however, Plaintiffs *are* pursuing their claims in federal court. *See* Dkt. 1. And they provide no explanation for how excusing a nominal trustee from participating in the lawsuit prevents their claims from being adjudicated by a neutral court. *See generally* Dkt. 65. Again, Trustee Corps will be bound by this Court's decision on Plaintiffs' claims, which shows that upholding Trustee Corps' nonmonetary status does not raise any due process concerns. *See* RCW 1.24.180(2)(c).

ORDER GRANTING MOTION TO DETERMINE VALIDITY OF NOTICE OF NONMONETARY STATUS - 8

Plaintiffs next argue that "Washington courts have repeatedly emphasized that the Deed of Trust Act must be interpreted in light of its three[1] central public policy objectives." Dkt. 65 at 9–10 (first citing *Bain v. Metro. Mortg. Grp., Inc.*, 175 Wn.2d 83, 93, 285 P.3d 34 (2012); and then citing *Cox*, 103 Wn.2d at 387). To start, Plaintiffs contend that the "first policy—promoting efficient nonjudicial foreclosure—only applies when there is no dispute." *Id.* at 10. Here, Plaintiffs assert that "there is a genuine factual dispute about whether the authentic, wet ink original, enforceable promissory notes exist." *Id.* But as explained above, *see supra* Sec. III.B.1, that dispute involves Deutsche Bank, the holder of the relevant promissory notes, not Trustee Corps. And the Court agrees with Trustee Corps that the "policy objective that the nonjudicial foreclosure process should be efficient and inexpensive is . . . supported by relieving trustees of the duty to actively participate in litigation when they are not substantively necessary parties." Dkt. 66 at 4; *see Meyers Way Dev. Ltd. P'ship v. Univ. Sav. Bank*, 80 Wn. App. 655, 670, 910 P.2d 1308 (1996) ("RCW 61.24 establishes a streamlined, statutory method for foreclosing on deeds of trust" and "[o]ne of the primary reasons that parties use a deed of trust is the availability of this foreclosure method which is less expensive for everyone involved.") (citation omitted).

Plaintiffs next argue that the "second policy is designed to protect borrowers from the trustee's sale of their property when proper grounds for requiring judicial adjudication exist." Dkt. 65 at 10. They assert that if Trustee Corps is granted nonmonetary status, it "would shield [Trustee Corps] from accountability while paving the way for future unlawful sales." *Id.* The Court again disagrees. If Plaintiffs' claims are meritorious, then Trustee Corps will be restrained

---

[1] Plaintiffs raises objections based on only the first two of three policy goals underlying the Washington Deed of Trust Act. *See Cox v. Helenius*, 103 Wn.2d 383, 387, 693 P.2d 683 (1985) ("First, the nonjudicial foreclosure process should remain efficient and inexpensive. . . . Second, the process should provide an adequate opportunity for interested parties to prevent wrongful foreclosure. Third, the process should promote the stability of land titles.") (cleaned up). Accordingly, the Court only addresses arguments raised by the parties in their briefs.

ORDER GRANTING MOTION TO DETERMINE VALIDITY OF NOTICE OF NONMONETARY STATUS - 9

from foreclosing on White's properties regardless of its participation in this proceeding. *See* RCW 61.24.180(2)(c). Thus, providing Trustee Corps nonmonetary status does not prevent Plaintiffs from "having an adequate opportunity to prevent wrongful foreclosure." *Plein v. Lackey*, 149 Wn.2d 214, 225, 67 P.3d 1061 (2003) (en banc), *as amended on denial of reconsideration* (June 6, 2003). Accordingly, there are no due process or policy concerns that support denying Trustee Corps nonmonetary status.

C.      **Plaintiff failed to timely object to Trustee Corps' declaration of nonmonetary status.**

Finally, Trustee Corps argue that Plaintiffs' objection and answer to its declaration of nonmonetary status was untimely and defective. Dkt. 51 at 6. The statute provides that the objection must be filed within thirty days of the declaration being filed, but Plaintiffs objected thirty-one days after Trustee Corps filed its declaration. *Id.*; *see* Dkt. 17; Dkt. 34. RCW 34.24.180(6) states that if "an objection is not filed and served within the thirty-day objection period, the trustee . . . [is] not required to participate any further in the action or proceeding" and thus Trustee Corps asserts that its nonmonetary status should be in effect. Dkt. 51 at 6. Trustee Corps further argues that even if the objection had been timely, it would still be defective because the contents of the objection do not comply with the requirement of RCW 61.24.180(4)(b) that it "[c]ontain a short and plain statement of the claim against defendant trustee as described in the complaint, showing that the plaintiff is entitled to relief." *Id.*

Plaintiffs do not respond to this argument in their opposition brief, *see* Dkt. 65, and the Court "considers the lack of response to be a concession of merit." *Gray v. Washington State Dep't of Transp.*, No. 3:23-CV-05418-DGE, 2023 WL 6622232, at *6 (W.D. Wash. Oct. 11, 2023), *aff'd sub nom. Gray v. Washington Dep't of Transp.*, No. 23-3278, 2024 WL 5001484 (9th Cir. Dec. 6, 2024). Thus, Trustee Corps is also entitled to nonmonetary status on this basis.

## IV. CONCLUSION

For these reasons, Trustee Corps' motion to determine validity of its notice of nonmonetary status (Dkt. 51) is GRANTED.

Dated this 16th day of May, 2025.

Tiffany M. Cartwright
United States District Judge