1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHURCH OF THE GARDENS et al., <br><br> Plaintiff, <br><br> v. <br><br> QUALITY LOAN SERVICES CORPORATION et al., <br><br> Defendant. | Case No. 3:23-cv-06193-TMC <br><br> ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AGAINST TRUSTEE CORPS |

## I.    INTRODUCTION

This case arises from Plaintiffs Church of the Gardens and Alvin White's challenge to the past and potential future nonjudicial sale of five fourplexes purchased by Alvin White on February 24, 2006. Dkt. 8 at 2. Plaintiffs raise contractual, statutory, and state and federal constitutional challenges to the Deed of Trust Act, which governs the nonjudicial sale of property in Washington state. Before the Court is Plaintiffs' motion for summary judgment against Defendant MTC Financial Inc. (doing business as "Trustee Corps"). Dkt. 63. Because Trustee Corps has been granted nonmonetary status and is no longer participating in the proceedings, the Court DENIES the motion as moot.

## II.  BACKGROUND

On April 17, 2025, Plaintiffs moved for summary judgment against Trustee Corps. Dkt. 63. In their motion, Plaintiffs sought declaratory relief "as to the meaning of the Deeds of Trust Act; including . . . the meaning of RCW 61.24.130." *Id.* at 2. Specifically, Plaintiffs requested that the Court issue a judgment stating that Trustee Corps "does not have legal or governmental authority as a non-judicial or quasi-judicial trustee to sell White's real properties known as Lots 7, 10, and 12" outside of a judicial foreclosure proceeding. *Id.* at 2. Defendant Deutsche Bank subsequently filed a motion for summary judgment on Plaintiffs' claims, which Defendant Quality Loan Services Corporation of Washington ("QLS") later joined. Dkt. 67.

While the summary judgment motions were pending, the Court granted Trustee Corps' motion to determine validity of notice of nonmonetary status on May 16, 2025. Dkt. 74. In its order, the Court determined that Trustee Corps had satisfied the requirements of the nonmonetary status statute, RCW 61.24.180, which allows a nominal trustee to remove itself from litigation until the underlying dispute is resolved. Dkt. 74 at 4–8. Thus, Trustee Corps was excused from participating in the proceedings but remained "bound by whatever order or judgment is issued" by the Court. *See* RCW 61.24.180(2)(c).

## III.  LEGAL STANDARD

"It is an inexorable command of the United States Constitution that the federal courts confine themselves to deciding actual cases and controversies." *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1128 (9th Cir. 2005) (citing U.S. Const. art. III, § 2, cl. 1). "Article III requires that a live controversy persist throughout all stages of the litigation" and the "limitations that Article III imposes upon federal court jurisdiction are not relaxed in the declaratory judgment context." *Id.* at 1128–29 (citations omitted). Since mootness is a jurisdictional issue, federal courts are obligated to raise it *sua sponte. Id.* at 1129 (emphasis in original).

"Federal courts lack jurisdiction if an event occurs during the pendency of the appeal that renders the case moot." *S. California Painters & Allied Trades, Dist. Council No. 36 v. Rodin & Co.*, 558 F.3d 1028, 1035 (9th Cir. 2009) (citation modified). The "test for mootness in the context of a case . . . in which a plaintiff seeks declaratory relief . . . is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Gator.com Corp.*, 398 F.3d at 1129 (citation modified). In other words, "the central question . . . is whether changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief." *Id.* (citation modified).

## IV. DISCUSSION

Plaintiffs' motion for summary judgment against Trustee Corps is moot because Trustee Corps is not an active litigant in these proceedings. *See generally* Dkt. 74. Having been granted nonmonetary status, Trustee Corps is no longer defending itself against Plaintiffs' action. *See id.* at 7. While Trustee Corps must comply with the Court's ruling on the enforceability of the promissory notes at issue, it does not have "adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *See Gator.com Corp.*, 398 F.3d at 1129. Thus, there is no substantial controversy between Plaintiff and Trustee Corps, which is required at all stages of litigation. *See Biodiversity Legal Found. v. Badgley*, 309 F.3d 1166, 1173 (9th Cir. 2002) ("When a controversy no longer exists, the case is moot.").

Additionally, the Court cannot grant "meaningful relief" to Plaintiffs through their summary judgment motion. *See id.* Plaintiffs seek a declaration regarding the scope of Trustee Corps' authority to conduct nonjudicial sales of property under the Deed of Trust Act. Dkt. 63 at 2. But as explained above, Trustee Corps' status as a nominal defendant means that it no longer has adverse interests that threaten actual harm to Plaintiffs. This is evidenced by the fact that

Trustee Corps has agreed to be bound by the Court's ruling on the promissory notes. *See* Dkt. 74 at 7; *Alvarez v. Smith*, 558 U.S. 87, 93 (2009) ("[A] dispute solely about the meaning of a law, abstracted from any concrete actual or threatened harm, falls outside the scope of the constitutional words 'Cases' and 'Controversies.'") (citing cases). Since there is no live dispute between Plaintiffs and Trustee Corps, providing the requested declaratory relief would constitute an impermissible advisory opinion. *S. California Painters & Allied Trades, Dist. Council No. 36*, 558 F.3d at 1035.

Finally, the Ninth Circuit has recognized exceptions to mootness, which include: "(1) collateral legal consequences, (2) wrongs capable of repetition yet evading review, and (3) voluntary cessation." *Ctr. For Biological Diversity v. Lohn*, 511 F.3d 960, 964 (9th Cir. 2007) (citation modified). The first exception applies where a party "would suffer collateral legal consequences if the actions being appealed were allowed to stand." *Id.* (citing *Pub. Utilities Comm'n of State of Cal. v. FERC*, 100 F.3d 1451, 1460 (9th Cir. 1996)). The second exception applies only when there is a "reasonable expectation that the same complaining party will be subject to the same injury again" and "the injury suffered must be of a type inherently limited in duration such that it is likely always to become moot before federal court litigation is completed." *Id.* at 965 (citation omitted). Lastly, "[i]t is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *Id.* (citation omitted).

None of the exceptions apply here because all of Plaintiffs' claims will be addressed through the summary judgment motions between Plaintiffs and Defendants Deutsche Bank and QLS. *See* Dkt. 67; Dkt. 76. Since all the claims will be resolved by these dispositive motions, there are no collateral legal consequences that will result from denying Plaintiffs' summary judgment motion against Trustee Corps as moot. *See Lohn*, 511 F.3d at 964. And once Plaintiffs'

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AGAINST TRUSTEE CORPS - 4

claims are adjudicated, there is no reasonable expectation that they will suffer from the same injuries alleged in their complaint. *See id.* at 965. Lastly, no Defendant has suggested that it will voluntarily cease foreclosing on Plaintiffs' properties unless the Court orders otherwise. *See id.*

### V.   CONCLUSION

Plaintiffs' summary judgment motion against Trustee Corps has been mooted by Trustee Corps' change in status to a nonmonetary party. Since Trustee Corps no longer has an adverse interest against Plaintiffs that gives rise to a substantial controversy, the Court lacks jurisdiction over Plaintiffs' claims for relief against Trustee Corps. Accordingly, Plaintiffs' summary judgment motion (Dkt. 63) is DENIED as moot.

Dated this 24th day of June, 2025.

Tiffany M. Cartwright
United States District Judge