UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHURCH OF THE GARDENS et al., <br><br> Plaintiff, <br><br> v. <br><br> QUALITY LOAN SERVICES CORPORATION et al., <br><br> Defendant. | Case No. 3:23-cv-06193-TMC <br><br> ORDER REQUESTING SUPPLEMENTAL BRIEFING |

## I.  ORDER

Before the Court is Defendants Deutsche Bank and Quality Loan Services Corporation's ("QLS") motion for summary judgment, Dkt. 67, and Plaintiffs Church of the Gardens and Alvin White's cross motion for summary judgment, Dkt. 76. Having reviewed the briefs and the relevant record, the Court concludes that the parties have not adequately briefed all the issues in their summary judgment motions. For that reason, as explained further below, the Court defers ruling on the motions and ORDERS supplemental briefing from both parties.

The parties' briefs are deficient in two ways. First, while both Plaintiffs and Defendants challenge the admissibility of the opposing parties' experts, *see* Dkt. 67 at 8–9; Dkt. 76 at 19–21, they fail to address the standard for excluding expert testimony under Federal Rule of Evidence

ORDER REQUESTING SUPPLEMENTAL BRIEFING - 1

702/*Daubert*. *See Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010), *as amended* (Apr. 27, 2010) ("[T]he trial court must assure that the expert testimony 'both rests on a reliable foundation and is relevant to the task at hand.'") (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993)). Second, even though both parties seek summary judgment on all claims, neither side addresses Plaintiffs' claims (1) challenging the constitutionality of various provisions of the Deed of Trust Act, *see, e.g.,* Dkt. 8 ¶¶ 3.5, 3.98, 3.99(D), 3.99(H), 4.7, 4.8; (2) seeking declaratory judgment as to the meaning of RCW 61.24.130, *see id.* ¶¶ 4.1–4.2; and (3) requesting equitable relief, *see id.* ¶¶ 3.103(A)–(E). *See Intellicheck Mobilisa, Inc. v. Wizz Sys., LLC*, 173 F. Supp. 3d 1085, 1108 (W.D. Wash. 2016) (arguments that are inadequately briefed are not properly before the court).

The Supreme Court "has long recognized that a district court possesses inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (citation modified). These powers include the "inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Id.* at 47 (collecting cases).

As the Court noted above, this case is not adequately briefed for summary judgment. Nor is it ready to proceed to trial, as many of these issues are legal questions that must be decided by the Court. *See Rodriguez v. City of Simi Valley*, 83 F.3d 428 (9th Cir. 1996) (unpublished) ("essentially legal question[s]" should "be decided by the court") (citation omitted).

The Court thus STRIKES the trial date and ORDERS as follows:

- Each party must file two supplemental briefs no later than July 16, 2025.

- First, a supplemental brief of no more than 4,200 words addressing Federal Rule of Evidence 702/the *Daubert* standard for the expert witnesses whom each party seeks to exclude.

- Second, a supplemental brief of no more than 8,400 words addressing (1) Plaintiffs' federal and state constitutional claims challenging the Deed of Trust Act; (2) Plaintiffs' declaratory judgment claims with respect to RCW 61.24.130; (3) Plaintiff's claims for equitable relief; and (4) whether Plaintiff Church of the Gardens (as opposed to Mr. White) has Article III standing to pursue its claims.

- The Clerk is directed to re-note Defendants' motion for summary judgment, Dkt. 67, and Plaintiffs' motion for summary judgment, Dkt. 76, to July 16, 2025.

The Court will issue a new scheduling order, if necessary, following its ruling on the summary judgment motions.

Dated this 25th day of June, 2025.

Tiffany M. Cartwright
United States District Judge

ORDER REQUESTING SUPPLEMENTAL BRIEFING - 3