1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHURCH OF THE GARDENS et al., | Case No. 3:23-cv-06193-TMC |
| Plaintiff, | ORDER DENYING MOTION FOR RECUSAL |
| v. | |
| QUALITY LOAN SERVICES CORPORATION et al., | |
| Defendant. | |

## I.   ORDER

This matter comes before the Court on Plaintiffs Church of the Gardens and Alvin White's Objection to the Court's Order Requesting Supplemental Briefing. Dkt. 92; *see* Dkt. 91. Though styled as an objection to the Court's order requiring the parties to file supplemental briefing addressing several issues—including the Federal Rule of Evidence 702/*Daubert* standard for expert witnesses—it also argues that the undersigned district judge, and all other district judges in the Western District of Washington, should be disqualified from adjudicating the case. Dkt. 92 at 14–19. Accordingly, the Court interprets Plaintiffs' request as a motion for recusal. For the reasons explained below, Plaintiffs' motion is DENIED, and pursuant to Local

ORDER DENYING MOTION FOR RECUSAL - 1

Civil Rule 3(f), the undersigned judge directs the clerk to refer the motion to U.S. Chief District Judge David G. Estudillo.

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Recusal is required if a judge's impartiality might reasonably be questioned or if the judge has a personal bias or prejudice concerning a party. 28 U.S.C. § 455(a), (b)(1). In addition, recusal is required pursuant to Section 144 when a party "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. Critically, bias or prejudice sufficient to warrant recusal must derive from an extrajudicial source. *United States v. Hernandez*, 109 F.3d 1450, 1453–54 (9th Cir. 1997). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Plaintiffs contend that the Court falsely asserted that "Plaintiffs moved to exclude the defendants' expert" and argue that "Plaintiffs have incorporated this obviously unbelievable expert testimony as well as her untenable training and background as a part of their theory of the case[.]" Dkt. 92 at 3, 17. Plaintiffs claim that the Court's reading of their motion for summary judgment as seeking to exclude Defendants' expert witness "evidences bias and/or appearance of bias on part of this Court's present judge sufficient to support her disqualification under this nation's organic law, natural justice, and international law." *Id.* at 17. Plaintiffs also argue that the Court "allowed its removal proceedings to be utilized by the purported beneficiary and its agents . . . to sell title to two of White's real properties in violation of RCW 61.24.130 as well as this nation's organic laws and controlling international law." *Id.* at 4–5. Finally, Plaintiffs assert that "this Court's attempts to remove legal presentations from this case's docket filings, are evidence of its corruption[.]" *Id.* at 5.

ORDER DENYING MOTION FOR RECUSAL - 2

The Court is unpersuaded that recusal is appropriate. First, Plaintiffs do not point to any "extrajudicial" conduct that warrants recusal. *See Taylor v. Regents of Univ. of California*, 993 F.2d 710, 712 (9th Cir. 1993) ("To warrant recusal, judicial bias must stem from an extrajudicial source.") (citing cases). Plaintiffs may disagree whether their motion for summary judgment sought to exclude Defendants' expert witness, despite language to the contrary. *See* Dkt. 76 at 20 ("It is Plaintiff's position that forensic document examination, particularly as practiced by handwriting experts trained by graphologists like McFarland, is a field plagued by subjectivity, inconsistency, and methodological unreliability."). But disagreement with judicial decisions is not grounds for recusal since making those decisions is within the undersigned's judicial capacity. *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) ("The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal.").

Second, to the extent that Plaintiffs argue that the Court's decision to request supplemental briefing was the result of bias or animus, *see* Dkt. 92 at 17, these allegations are conclusory and unsupported. *See United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995), *as amended* (May 24, 1995) ("mere conclusory allegations . . . are insufficient to support a claim of bias or prejudice such that recusal is required") (citation omitted). Plaintiffs' rehashing of prior grievances that have been addressed by the Court is similarly without merit. *See generally* Dkt. 92.

For example, Plaintiffs allege that the Court allowed the case to be improperly removed to federal court, which they argue show that "this Court has been or appear to have been corrupted by an alliance with the money changers." Dkt. 92 at 4. The case had initially been filed in Pierce County Superior Court on December 13, 2023, where Plaintiffs had also filed a motion seeking to restrain the nonjudicial sale of two properties. *See* Dkt. 1 at 5; Dkt. 1-2 at 88. But due

to the case's removal to federal court, Plaintiffs argue that they were unable to timely raise their claims to prevent the sale which took place on January 5, 2024. Dkt. 8 ¶ 4.12.

It is the party's responsibility to comply with the Local Civil Rules for civil proceedings before the Court. Local Civil Rule 101(d) provides that "[i]f a motion is pending and undecided in the state court at the time of removal, it will not be considered unless and until the moving party files and notes the motion on this court's calendar in accordance with LCR 7(d)." LCR 101(d). Here, Defendants properly removed the case to federal court on December 28, 2023. Dkt. 1. Plaintiffs, however, did not refile their motion in this Court, as required by LCR 101(d), but instead filed an amended complaint on January 8, 2024. *See* Dkt. 8. Plaintiffs cannot attribute their failure to properly refile their motion to any perceived bias or animus by this Court.

Plaintiffs also allege that the Court wrongfully attempted to remove legal filings from this case's docket. Dkt. 92 at 5. This is incorrect. Early in this case, Plaintiffs filed a motion challenging the authority of the Court's staff to strike their Notice and Objection to Assignment of Magistrate Judge from the docket because it failed to comply with the Court's rules and procedures. Dkt. 28 at 3; *see* Dkt. 16. The Court found Plaintiffs' argument unpersuasive as they did not substantiate their claim with any relevant authority. Dkt. 28 at 3. Still, the Court concluded that because nothing in this District's Second Amended General Order 11-22 prohibits a party from filing a public objection to assignment to a Magistrate Judge, Plaintiffs' objection was stricken in error and should be restored. *Id.* Plaintiffs' motion was fully considered, and the relief sought was granted. *See id.* Plaintiffs thus fail to allege any actions by this Court to support a claim of bias or prejudice that would warrant recusal. *See $292,888.04 in U.S. Currency*, 54 F.3d at 566.

Because the Court concludes that there is no basis for the undersigned to recuse herself from this case, there is no reason to recuse any other judge in this District. The Court also

ORDER DENYING MOTION FOR RECUSAL - 4

cautions Plaintiff's counsel against raising similar frivolous claims of bias or disqualification, as they have been repeatedly rejected in prior proceedings by judges in this District as well as the Ninth Circuit. *See, e.g., Stafne v. Zilly*, 820 F. App'x 594, 595 (9th Cir. 2020) (affirming the district court's dismissal of Plaintiff's counsel's claim that federal judges who elect senior status are no longer Article III judges); *Bank of New York Mellon v. Stafne*, 824 F. App'x 536 (9th Cir. 2020) (Plaintiff's counsel's "argument that the senior district judge who heard his case was a 'retired judge' merely 'acting as an Article III judge in this case,' is without merit."); *Stafne v. Burnside*, No. 22-35547, 2024 WL 2318169, at *1 (9th Cir. May 22, 2024) (noting that "[t]his is not the first time Stafne has made his senior-judge argument in this Court" and holding that "Stafne's argument that Judge Coughenour improperly denied his recusal motion because of his 'bias regarding the senior judge issue' is equally without merit").

Ultimately, "a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Clemens v. U.S. Dist. Ct. for the Cent. Dist. Of Cal.*, 428 F.3d 1175, 1179 (9th Cir. 2005) (citation modified). Plaintiffs have not provided a legitimate reason for the undersigned judge to recuse. The Court therefore DENIES Plaintiffs' motion for recusal (Dkt. 92) and directs the Clerk to refer the motion to U.S. Chief District Judge David G. Estudillo.

Dated this 9th day of July, 2025.

Tiffany M. Cartwright
United States District Judge