UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHURCH OF THE GARDENS et al., <br><br> Plaintiff, <br><br> v. <br><br> QUALITY LOAN SERVICES CORPORATION et al., <br><br> Defendant. | Case No. 3:23-cv-06193-TMC <br><br> ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION |

### I.   ORDER

Before the Court is Plaintiffs Church of the Gardens and Alvin White's motion for reconsideration. Dkt. 94. Plaintiffs argue that their Objection to the Court's Order Requesting Supplemental Briefing was not a "statutory recusal request," but instead a "jurisdictional challenge." *Id.* at 8. Specifically, Plaintiffs claim that they "are challenging the structural legitimacy and jurisdiction of this Court as a governmental institution, given its alleged complicity in a broader fraudulent scheme to dispossess property owners of their homes without due process." *Id.* at 6. Plaintiffs thus request that this Court reconsider its prior order denying recusal and "adjudicate the judicial inquiries that have been properly raised regarding its institutional authority and constitutional legitimacy." *Id.* at 8.

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION - 1

Under this District's Local Civil Rules, "[m]otions for reconsideration are disfavored," and "[t]he court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Civil Rule 7(h)(1). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted). "A motion for reconsideration is not intended to provide litigants with a second bite at the apple." *Stevens v. Pierce Cnty.*, No. C22-5862 BHS, 2023 WL 6807204, at *2 (W.D. Wash. Oct. 16, 2023).

Plaintiffs' motion fails to meet this high bar. Plaintiffs cite no relevant authority for their argument that the Court's alleged bias is a jurisdictional, "structural" issue. *See* Dkt. 94 at 4–8. The only case that Plaintiffs cite is *United States v. Will*, which is a Supreme Court case addressing whether "under the Compensation Clause, Art. III, § 1, Congress may repeal or modify a statutorily defined formula for annual cost–of–living increases in the compensation of federal judges[.]" 449 U.S. 200, 202 (1980). *Will* is inapposite to the facts presented here. Plaintiffs' arguments that their allegations of bias strip the Court of its jurisdiction are frivolous, and Plaintiff's counsel is once again cautioned that further frivolous and vexatious arguments may result in an order to show cause why sanctions should not be imposed under Federal Rule of Civil Procedure 11 or 28 U.S.C. § 1927.

Because Plaintiffs fail to show there was any manifest error in the Court's order denying Plaintiffs' motion for recusal, the motion for reconsideration is DENIED (Dkt. 94).

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION - 2

Dated this 11th day of July, 2025.

                                                  Tiffany M. Cartwright
                                                  United States District Judge