1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHURCH OF THE GARDENS et al.,

                Plaintiffs,

      v.

QUALITY LOAN SERVICES

CORPORATION et al.,

             Defendants.

Case No. 3:23-cv-06193-TMC

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFFS'
MOTION FOR POST JUDGMENT RELIEF

## I.    INTRODUCTION

Before the Court is plaintiffs Church of the Gardens ("COTG") and Alvin White's

("White") (collectively "Plaintiffs") motion for post judgment relief under Fed. R. Civ. P. 59(e)

and 60(b)(4) and (6). Dkt. 107. For the following reasons, Plaintiffs' motion is GRANTED in

part. The Court VACATES its summary judgment order (Dkt. 105) and judgment (Dkt. 106)

with respect to the dismissal of COTG's claims without prejudice for lack of subject matter

jurisdiction. Instead, COTG's claims are REMANDED to Pierce County Superior Court. The

remainder of Plaintiffs' motion to vacate is DENIED.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

## II.   BACKGROUND

The Court assumes familiarity with the facts and procedural history of this case, *see* Dkt. 105 at 2–10, and will recite only facts necessary to resolve this motion. On December 13, 2023, Plaintiffs filed their initial complaint in Pierce County Superior Court against defendants QLS, Trustee Corps, Deutsche Bank National Trust Company ("Deutsche Bank"), 2006-4 Trust, 2006-5 Trust, and the State of Washington. Dkt. 1–2. Deutsche Bank removed the case to this Court on December 28, 2023. Dkt. 1. Plaintiffs filed an amended complaint soon after on January 8, 2024. Dkt. 8.

Deutsche Bank moved for summary judgment on April 30, 2025. Dkt. 67. QLS joined the motion. Dkt. 73. Plaintiffs cross-moved for summary judgment. Dkt. 76. The Court ordered supplemental briefing, which was completed on July 16, 2025. *See* Dkts. 91–99. On September 2, 2025, the Court granted Deutsche Bank's motion for summary judgment and dismissed COTG's claims without prejudice and White's claims with prejudice. Dkt. 105.

Plaintiffs filed the instant motion on September 15, 2025. Dkt. 107. Deutsche Bank responded on September 30, 2025. Dkt. 109. Plaintiffs filed their reply on October 5, 2025. Dkt. 110.

## III.   LEGAL STANDARDS

### A.   Fed. R. Civ. P. 59(e)

Under Rule 59(e), a party may move the court to amend its judgment within twenty-eight days after entry of judgment. Fed. R. Civ. P. 59(e). Rule 59(e) provides an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation modified). In general, there are four grounds upon which a Rule 59(e) motion may be granted:

(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999)); *see also Carroll*, 342 F.3d at 945 (a Rule 59(e) motion "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." (citation omitted)). Finally, a "Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll*, 342 F.3d at 945.

### B.    Fed. R. Civ. P. 60(b)(4)

Under Rule 60(b)(4), a final judgment is void "only if the court that considered it lacked jurisdiction . . . or acted in a manner inconsistent with due process." *United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999).

### C.    Fed. R. Civ. P. 60(b)(6)

Rule 60(b)(6) allows the district court to relieve a party from final judgment for any justifiable reason. Fed. R. Civ. P. 60(b)(6). But the party seeking relief under Rule 60(b)(6) must show "extraordinary circumstances" that "justify the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

## IV.    DISCUSSION

On September 2, 2025, the Court issued an order granting Deutsche Bank's motion for summary judgment. Dkt. 105. White's claims were dismissed with prejudice and COTG's claims were dismissed without prejudice for lack of subject matter jurisdiction. *Id.* at 34. Plaintiffs seek

the vacatur of the summary judgment order pursuant to Rules 59(e), 60(b)(4) and (6). Dkt. 107 at 2–3. In support of their request, they make several arguments.

First, Plaintiffs argue that the Court committed "[t]reason against the Constitution" and "violat[ed the] natural law" it is derived from because it "has purposely not engaged in faithfully pursing its jurisdiction duties." *Id.* at 7–8, 11–12. In response, Deutsche Bank contends that this is "nothing more than an attempt to re-litigate their summary judgment motion." Dkt. 109 at 5.

Second, Plaintiffs claim the summary judgment order "purposely dodg[es] Plaintiffs[']" arguments about "the meaning of RCW 61.24.130." Dkt. 107 at 8–9. In response, Deutsche Bank argues that Plaintiffs have "presented no newly discovered authority or evidence to support their position," "[t]hey simply disagree with the Court's interpretation of RCW 61.24.130." Dkt. 109 at 5.

Third, Plaintiffs contend the summary judgment order "dodg[es] Plaintiffs['] jurisdictional arguments by" placing the burden "to allege and prove removal jurisdiction" on Plaintiffs. Dkt. 107 at 10–15. In response, Deutsche Bank claims Plaintiffs' jurisdictional arguments are "disingenuous and without merit" because, rather than move to remand the case to state court, Plaintiffs filed an amended complaint and further cemented federal question jurisdiction. Dkt. 109 at 3–5.

After reviewing the parties' submissions and its summary judgment order, the Court GRANTS Plaintiffs' motion to vacate the summary judgment order in part and DENIES it in part.

### A.    The Court must remand COTG's claims to Pierce County Superior Court.

A Rule 59(e) motion may be granted "to correct manifest errors of law." *Allstate Ins. Co.*, 634 F.3d at 1111. When considering Deutsche Bank's motion for summary judgment against COTG's claims, the Court found COTG did not have standing, and dismissed all of COTG's

claims without prejudice for lack of jurisdiction. Dkt. 105 at 17–21. In cases that were removed from state court, however, the district court is required to remand the case to state court if it determines at any time before final judgment that it lacks subject matter jurisdiction to hear the case. *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) (citing 8 U.S.C. § 1447(c)). Here, the Court determined that it lacked jurisdiction over all the claims brought by COTG for lack of Article III standing. Dkt. 105 at 17–21. The Court was therefore required to remand COTG's claims to state court. *Polo*, 833 F.3d at 1196 ("Remand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the *federal* courts have no power to adjudicate the matter. State courts are not bound by the constraints of Article III."). Accordingly, "[t]o correct [a] manifest error[] of law," the Court GRANTS Plaintiffs' motion in part and VACATES the portion of its order and judgment dismissing COTG's claims without prejudice. Dkt. 105 at 21, 34. Instead, all claims brought by COTG are REMANDED to Pierce County Superior Court.

**B.      The remainder of Plaintiffs' motion is denied.**

Plaintiffs' remaining arguments do not meet the requirements for relief under Rules 59(e), 60(b)(4), or 60(b)(6).

Plaintiffs' jurisdictional arguments are unpersuasive. Although the Court did not have subject matter jurisdiction over COTG's claims because of a lack of standing, the same cannot be said for White's claims. It is clear from Plaintiffs' initial and amended complaints that the Court had subject matter jurisdiction over White's case. Plaintiffs' initial complaint contained allegations that Defendants violated the Takings Clause, the Contracts Clause, the Due Process Clause, and the Equal Protection Clause of the United States Constitution, giving this Court jurisdiction under 28 U.S.C. § 1441. Dkt. 1-2 at 80, 81, 92; 28 U.S.C. §1441 ("If a civil action includes . . . a claim arising under the Constitution . . . of the United States . . . the entire action

may be removed . . .". Plaintiffs' amended complaint maintained the same alleged violations of the United States Constitution. Dkt. No. 8 at 23, 35, 89, 90, 104. Plaintiffs now take issue with Defendants' removal of this case. Dkt. 1 at 2. "Removal is a powerful tool: It operates largely automatically in that once a defendant has filed the appropriate notice of removal in the federal district court removal is a *fait accompli*." *Polo*, 833 F.3d at 1196. "If the removal suffers from procedural defects, the *plaintiff is responsible* for bringing those defects to the attention of the district court in a timely motion to remand." *Id.* (emphasis added). Plaintiffs did not move to remand—instead, they filed an amended complaint maintaining the same federal constitutional claims that provided this Court with jurisdiction.

Plaintiffs' arguments about RCW 61.24.130, Dkt. 107 at 8–9, simply retread the same ground that was covered in the Court's summary judgment order, Dkt. 105 at 21–26. Rule 59(e) permits a court to alter or amend a judgment, but it "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (quoting 11 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 2810.1, pp. 127–128 (2d ed. 1995)).

Lastly, Plaintiffs' argument about his opportunity "to be heard by this District Court" on his motion for a temporary restraining order ("TRO") before the state court is also unpersuasive. Dkt. 107 at 4–5. The Court's procedures did not prevent Plaintiffs from obtaining a prompt hearing on their TRO motion. Instead, it was Plaintiffs' failure to follow the local rules of the Western District of Washington. The TRO motion was pending before the state court when Deutsche Bank removed the case to federal court. Dkt. 107 at 4–5. Under the local rules, "[i]f a motion is pending and undecided in the state court at the time of removal, it will not be considered unless and until the moving party files and notes the motion on this court's calendar in accordance with [Local Rule] 7(d)." W.D. Wash. Local Civil Rule 101(d). Plaintiffs could

have immediately re-filed their TRO motion before this Court under Local Rule 65, and it would have been promptly considered and decided by an Article III judge. They did not do so. Plaintiffs' mistakes in litigation do not merit relief under Rules 59(e), 60(b)(4), or 60(b)(6).

## V.    CONCLUSION

For the reasons explained above, Plaintiffs' motion to vacate (Dkt. 107) is GRANTED in part and DENIED in part. The Court ORDERS as follows:

1. The portion of the Court's summary judgment order (Dkt. 105) and judgment (Dkt. 106) dismissing claims brought by Church of the Gardens is VACATED.

2. Instead, pursuant to 28 U.S.C. § 1447(c), all claims brought by Church of the Gardens are REMANDED to the Superior Court of Pierce County, Washington;

3. Pursuant to 28 U.S.C. § 1447(c), the Clerk shall mail a certified copy of this Order to the Clerk for the Superior Court of Pierce County, Washington;

4. The Clerk shall transmit the record herein to the Clerk for the Superior Court of Pierce County, Washington;

5. Plaintiff Church of the Gardens shall file nothing further in this matter, and instead is instructed to seek any further relief to which it believes it is entitled from the courts of the State of Washington.

The remainder of the Court's judgment on Alvin White's claims remains in place, and this case remains closed.

Dated this 8th day of December, 2025.

Tiffany M. Cartwright
United States District Judge